IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COURTNEY L. CANFIELD,

            Plaintiff,

vs.                                    Case No. 15-4918-SAC-KGS

OFFICE OF THE SECRETARY OF STATE
FOR THE STATE OF KANSAS and
ERIC K. RUCKER, in his official
Capacity,

            Defendants.

## MEMORANDUM AND ORDER

This case is before the court upon plaintiff's motion to conduct discovery out of time. Doc. No. 39. Specifically, plaintiff seeks permission to take the deposition of Kansas Secretary of State Kris Kobach after the May 13, 2016 deadline for completing discovery.

"A district court has wide discretion in its regulation of pretrial matters, including whether to reopen discovery." Harding v. Goodyear Tire & Rubber Co., 170 F.R.D. 477, 478 (D.Kan. 1997)(citing Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990)). In reviewing the exercise of this discretion, courts have considered: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines

1

established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.  <u>Zhou v. Pittsburg State University</u>, 252 F.Supp.2d 1194, 1207 (D.Kan. 2003)(citing <u>Sil-Flo, Inc.</u>, 917 F.2d at 1514).

In this instance, the factors mostly argue against reopening discovery.  Trial is not imminent, but it appears that it may soon be scheduled.  Plaintiff's request to reopen discovery is opposed.  The non-moving party will suffer the expense of preparing for the deposition, if discovery is reopened.  The moving party could have scheduled this deposition within the time allowed for discovery.  The need for the deposition, if it is needed, should have been apparent weeks before the close of discovery.  Finally, the relevance of the deposition has not been clearly explained by plaintiff.

Accordingly, the court shall deny plaintiff's motion to conduct discovery out of time.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2016, at Topeka, Kansas.


                                s/Sam A. Crow
                                Sam A. Crow, U.S. District Senior Judge