## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| COURTNEY L. CANFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-4918-KGS |
| | ) | |
| OFFICE OF THE SECRETARY OF | ) | |
| STATE FOR THE STATE OF  KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

# INSTRUCTION NO. *1*

MEMBERS OF THE JURY:

Now that you have heard the evidence, I will instruct you on the law which applies to this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in these instructions and apply this law to the facts which you find from the evidence before you.

Pay careful attention to all of the instructions that I give you. All of the instructions are important because together they state the law that you will apply in the case. You must consider each instruction in light of the other instructions, and you should apply them as a whole to the evidence. The order in which the instructions are given does not suggest that any one instruction is more important than any other.

Do not concern yourself with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, you have sworn to base your verdict on the law given in these instructions.

INSTRUCTION NO. *2*

You have been sworn as jurors to try the issues of fact in this case. Both the parties and the public expect that you will carefully and impartially consider all of the evidence, follow the law in these instructions and reach a just verdict, regardless of the consequences. Keep constantly in mind that you cannot base your verdict on anything but the evidence in the case. Therefore, do not let bias, sympathy, prejudice or public opinion influence your verdict.

In considering the evidence, you are expected to use your good sense. Consider the evidence only for those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge and experience.

# INSTRUCTION NO. 3

You must consider and weight only evidence which was admitted during the trial, including exhibits, admissions, stipulations, and witness testimony either in person or by deposition.

## INSTRUCTION NO. 4

At times during the trial, the court ruled upon objections to the admission of certain things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for its rulings. In your consideration of the case you must draw no inferences from these rulings and you must consider only the evidence which is admitted by the court.

# INSTRUCTION NO. 5

Statements, arguments and questions by attorneys are intended to help you understand the evidence and apply the law, but generally they are not evidence. Only the witnesses' answer, and the items received as exhibits, are evidence. When the attorneys agree on a certain fact, however, the agreement is called a stipulation. When the attorneys have stipulated to a fact no other proof is needed and you must accept the stipulation as true.

The evidence consists of the sworn testimony of the witnesses, no matter who called them; the exhibits received in evidence, no matter who produced them; and any facts which are admitted or stipulated. You must disregard any evidence to which the court sustained an objection and any evidence which the court ordered stricken. Likewise, you must disregard anything you may have heard or seen outside the courtroom.

You can only consider the evidence. But in considering the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

## INSTRUCTION NO. 6

Whenever the word "he" is used in these Instructions, you may consider it as applying equally to a woman or an entity, such as a corporation.  In like manner, the use of the singular of a word may be taken equally to mean the plural.

INSTRUCTION NO. _7_

Defendant Kansas Secretary of State's Office is a state office that can only act through its elected office-holder, appointees, managers, and employees. Therefore, whenever mention is made of defendant doing or not doing something, it means the office-holder, appointees, managers, or employees of the Kansas Secretary of State's Office while acting within the scope of their duties.

You are instructed that defendant, although a government office, is entitled to the same fair and impartial consideration as an individual under like circumstances.

INSTRUCTION NO. *8*

This instruction sets forth the parties' contentions in this case. These contentions are not to be considered by you as evidence. These contentions must be proved by the evidence.

The plaintiff, Courtney Canfield, brings her claims under federal laws known as the Title VII of the Civil Rights Act of 1964, also referred to as "Title VII."

Plaintiff claims that the Secretary of State's office violated Title VII by discriminating against her on the basis of her religious beliefs and because of her failure to attend church. Plaintiff seeks back pay and benefits, as well as damages for emotional pain, suffering, inconvenience and mental anguish.

Plaintiff has the burden of proving her claim of discrimination based on her religion and her failure to attend church. Plaintiff also has the burden of proving her claims for damages. Plaintiff has the burden of proving that her claim is more probably true than not true.

Defendant denies plaintiff's claim that she was discharged because of religious discrimination and denies that plaintiff sustained any alleged damages. Defendant asserts that plaintiff was discharged for lawful and legitimate business reasons.

**INSTRUCTION NO. _9_**

Title VII makes it unlawful to discharge or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges or employment due to the individual's religion. The term "religion" includes all aspect of religious observance and practice, as well as belief. Title VII also protects persons who not members of organized religious groups as well as atheists.

INSTRUCTION NO. *10*

In order to establish a claim for religious discrimination, plaintiff has the burden of proving, by a preponderance of the evidence, that defendant's actions were motivated by religion.

Plaintiff must prove that defendant intentionally discriminated against her by proving that religion was a motivating factor in defendant's decision to terminate plaintiff's employment. Plaintiff is not required to prove that religion was the sole, exclusive, or primary factor for defendant's decision. Plaintiff need prove only that religion played a motivating part in defendant's decision even though other factors may also have motivated defendant. "Motivating factor" means a consideration that moved defendant toward its decision. You may but are not required to find that religion was a motivating factor in the termination decision if plaintiff has shown by a preponderance of the evidence that defendant's stated reason(s) for the decision are not the true reason(s).

If you find that plaintiff has proven this claim, you must return a verdict in her favor on this claim. If you find that plaintiff has not proved any element, you must return a verdict in favor of defendant on this claim.

INSTRUCTION NO. _11_

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit so long as it is not unlawful. You should be mindful that the law requires only that employers not engage in unlawful discrimination. An employer may discipline or terminate an employee for any other lawful or nondiscriminatory reasons, good or bad, fair or unfair, and you are not permitted to second guess those decisions.

INSTRUCTION NO. _12_

Government employees are permitted to engage in private religious expression in personal work areas that are not regularly open to the public so long as such private religious expression occurs outside of the normal working hours of the government agency, does not interfere with the effective functioning or the ability of the government agency to carry out its official responsibilities, and participation in the private religious expression is voluntary on the part of other employees.

## INSTRUCTION NO. *13*

Burden of proof means burden of persuasion.  A party that has the burden to prove a claim must persuade you that the claim is more probably true than not true.  In deciding whether this burden has been met, you must consider all admitted evidence, whether presented by plaintiff or defendant.

INSTRUCTION NO. _14_

Generally speaking, there are two types of evidence that are generally presented at trial – direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

INSTRUCTION NO. _15_

Generally speaking, it is hard to prove intent through direct evidence because there is no way of fathoming or scrutinizing the operations of the human mind. You may draw certain conclusions about a person's intent, however, by looking at surrounding circumstances. You may consider what a person said or did not say, what a person did or did not do, and all other evidence which indicates his or her state of mind. You may consider it reasonable to conclude that when a person knowingly does or does not do something, the persons intends the natural and probable consequences of those acts and omissions.

INSTRUCTION NO. *16*

When the attorneys agree on a certain fact, the agreement is called a stipulation. When the attorneys have stipulated to a fact, no other proof is needed and you must accept the stipulation as true.

The parties have stipulated to the following facts:

1. Plaintiff began working for the Kansas Secretary of State Office on January 31, 2013.

2. On November 15, 2013, plaintiff's employment with the Kansas Secretary of State's Office was terminated.

## INSTRUCTION NO. *17*

If you find in favor of plaintiff under Instruction No. *10*, you must determine the amount of plaintiff's damages as you find, by the preponderance of the evidence, will fairly and justly compensate her for the damages, if any, you find she sustained as a direct result of defendant's actions. You may award damages only for injuries that plaintiff proves were caused by defendant's termination decision. Plaintiff's claim for damages as a result of defendant's actions includes the following:

1. Lost Wages – the amount plaintiff would have earned in her employment with defendant if she had not been terminated between November 18, 2013 and June 15, 2015, minus the amount plaintiff earned from other employment during this period.

2. Lost Benefits – the amount of benefits plaintiff would have received from defendant if she had retained her employment with defendant from November 18, 2013 to June 15, 2015, minus the amount plaintiff received from other employment during this period.

3. Compensatory – the amount of damages sustained by plaintiff in the form of emotional pain, suffering, inconvenience, and mental anguish as a result of defendant's termination of plaintiff.

In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the evidence.

For such items as emotional pain, suffering, inconvenience, and mental anguish, the Court cannot give you any unit value or mathematical formula. No evidence of monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence.

No exact standard exists for fixing the amount to be awarded for compensatory damages. Any award must fairly compensate plaintiff, but it must have a basis in the evidence and be reasonable in light of that evidence. If you award damages, your award must be fair compensation – no more and no less.

You should not add to or subtract from any award of damages on account of state or federal income tax, future lost wages or benefits, or plaintiff's contract with her attorney for attorneys' fees. These matters are for the Court to decide.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.

INSTRUCTION NO.  *18*

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence: (1) that plaintiff failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated.

If you find that plaintiff is entitled to recover damages, then in fixing the amount of damages you should not include any loss that plaintiff could have prevented by reasonable efforts.

INSTRUCTION NO. *19*

I have instructed you concerning plaintiff's claim for damages, but that does not mean that the plaintiff should, or should not, prevail in this case. That decision rests with you.

INSTRUCTION NO. *20*

If you find in favor of the plaintiff under Instruction No. *10*, but you find that the plaintiff's damages have no monetary value, then you may return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. *21*

You must consider all the evidence, but you need not accept all evidence as true or accurate.

The number of witnesses who testify about a matter may or may not determine the weight of the evidence.  The testimony of a fewer number of witnesses concerning any fact may be more credible than the testimony of more witnesses to the contrary.

Similarly, you will determine the weight and credit to be given to each exhibit.

## INSTRUCTION NO. 22

The parties are not required to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the facts. Also, the parties are not required to produce as exhibits all papers and things which may relate to the case.

## INSTRUCTION NO. 23

You must decide whether the testimony of each witness is believable and what weight to give that testimony.  In making these decisions, you have the right to use your common knowledge and experience.

# INSTRUCTION NO. 24

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that, at some other time, the witness has made an oral or written statement or testified in a deposition in a manner which is inconsistent with the witness' present testimony on a matter which is material to the issues.

If a witness is shown to have deliberately testified falsely concerning any material matter, you have a right to distrust the witness' testimony. You may reject any part or all of that witness' testimony.

Instruction No. <u>25</u>

Will not be given.

INSTRUCTION NO. *26*

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court, and sign the verdict upon which you agree.

Turn off your cell phones and do not use them to take incoming calls or make outgoing calls during your deliberations.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the court.  Your answers will constitute your verdict.

Your answer to each question must be by agreement of all jurors.

Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

## INSTRUCTION NO. *27*

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

## INSTRUCTION NO. 28

At the beginning of trial, I instructed that you could take notes during the course of trial and cautioned that your note-taking should not interfere with your duty to listen and consider all the evidence. Now that you are about to begin your deliberations, I would like to comment on your use of any notes during the deliberations.

There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. If you did not take notes, you should rely upon your own independent recollection or memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the evidence was. Above all, your memory should be your greatest asset during your deliberations.

INSTRUCTION NO. *29*

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases, it must be decided sometime. There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side. Also, there is no reason to believe that the case would ever be submitted to people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

# INSTRUCTION NO. *30*

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open court.

You will note from the oath taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands – numerically or otherwise – on the question before you until after you have reached an unanimous verdict.

You may now retire and conduct your deliberations in such manner as may be determined by your good judgment as reasonable people.

INSTRUCTION NO. *31*

A final suggestion by the court-not technically an instruction upon the law-may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation-counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

Dated this __23rd__ day of August, 2017, at Topeka, Kansas.

K. Gary Sebelius
U.S. Magistrate Judge